UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ASHLEY LYNN OTENG and<br>JULIUS OWUSU OTENG,<br>    Plaintiffs | CIVIL CASE NO: |
| v. | TRIAL BY JURY DEMANDED |
| SANTANDER CONSUMER USA INC.,<br>    Defendants | JUNE 19, 2017 |

## **COMPLAINT**

### I. INTRODUCTION

1.   This is a suit brought by two consumers under the Fair Credit Reporting Act (15 U.S.C. § 1681 *et seq*; "FCRA") and for breach of contract against Santander Consumer USA Inc. ("Santander").

### II. PARTIES

2.   Plaintiff Ashley Lynn Oteng ("Ashley") is a consumer residing in Manchester, Connecticut.

3.   Plaintiff Julius Owusu Oteng ("Julius") is a consumer residing in Manchester, Connecticut.

4.   Santander is an Illinois corporation with principal offices in Dallas, Texas.

### III. JURISDICTION

5.   Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1681p, 28 U.S.C. § 1331, 28 U.S.C. § 1332, 28 U.S.C. § 1367 and Fed. R. Civ. P. 18(a).

6.   This Court has jurisdiction over Santander because it regularly does business in Connecticut.

1

7. Venue in this Court is proper, because the Plaintiffs are residents of Connecticut and the transaction alleged herein occurred in this state.

## IV. FACTUAL ALLEGATIONS

8. On or about March 19, 2015, Plaintiffs purchased a motor vehicle from A Better Way Wholesale Autos, Inc. ("ABW") pursuant to a retail installment sales contract (the "Contract") that was assigned by ABW to Santander.

9. Plaintiffs experienced mechanical difficulties with the Vehicle and, after ABW failed to make repairs to their satisfaction, they returned the vehicle to ABW and sent written notice to ABW and to Santander that they had revoked acceptance of the Vehicle.

10. The notice of revocation, which was signed by Plaintiffs' lawyer, explicitly informed Santander that Plaintiffs' disputed any further claimed debt under the Contract.

11. In September 2015, Plaintiffs commenced an arbitration claim against both ABW and Santander in which they sought, among other relief, an order that they had no further obligation under the Contract.

12. Plaintiffs and Santander subsequently agreed to settle Plaintiffs' claims with respect to Santander only, and they entered into a written "Settlement Agreement, Covenant Not to Sue, And Release" dated March 30, 2016 (the "Settlement Agreement").

13. The Settlement Agreement provided that Plaintiffs would not be responsible to pay anything further under the Contract and further provided that Santander would request that the consumer reporting agencies ("CRAs") delete all reporting regarding the Contract.

14. Santander breached the Settlement Agreement and did not request that the consumer reporting agencies delete the reporting of the Contract.

15. Because Santander did not request the deletion of the trade-line, Equifax, Trans Union and Experian all reported the information that had been furnished to them by Santander, i.e., that the Contract had been charged off as bad debt.

16. Plaintiffs, through their attorney, sent letters on or around December 14, 2016 to those three CRAs and informed them that Plaintiffs disputed the information being reported, that "the dispute was the subject of an arbitration claim that settled in May 2016 . . . and [a]s part of the settlement, [Santander] agreed to request that this account reporting be deleted."

17. The letters also attached copies of the Settlement Agreement.

18. The CRAs conducted an investigation of the debt by contacting Santander to verify that trade line was accurate on or about December 24, 2016.

19. On information and belief, the CRAs informed Santander of the nature of the dispute and forwarded the information that had been sent by Plaintiffs' counsel.

20. Santander did not conduct any internal investigation but instead merely referred to its internal account records, and it sent verifications to the CRAs that the information that had been reported was valid.

21. Santander replied to the CRA's on or about January 10, 2017 and confirmed the validity of the reporting, without acknowledging that it had agreed to remove the tradeline or that the account had been disputed by Plaintiffs.

22. Based upon the verification by Santander, the CRA's continued to report the Contract as a charged-off account.

23. In January 2017, Julius sought credit from Chase Bank USA, N.A ("Chase").

24. Chase obtained Julius' credit report from Experian after the verification of the account by Santander.

25. On January 24, 2017, Julius' application for credit was denied in whole or in part because of Santander's failure to remove the above-described improper charged off bad debt trade line on his Experian report.

26. In January 2017, Plaintiffs wished to purchase a house so that they could build equity and have a home for them and their children.

27. The Plaintiffs met with a real estate agent who told them that she would not show them any houses until they were pre-approved for a mortgage.

28. The Plaintiffs contacted several lenders and settled on the Savings Institute Bank and Trust Company ("Savings Institute").

29. In February 2017, the Plaintiffs sought pre-approval for a mortgage from Savings Institute in the amount of $137,464.00.

30. The lease for their apartment was nearing its end and the Plaintiffs were timing the purchase to dovetail accordingly.

31. Savings Institute obtained Julius' credit report from Equifax.

32. Savings Institute denied Julius' application for credit in whole or in part because of the reporting of the Account as a charged-off account on his Equifax report.

33. Since the Plaintiffs did not renew their lease and were unable to obtain a mortgage, they have been forced to live with relatives.

34. The Plaintiffs have suffered stress and anxiety as a result of being unable to purchase a home.

35. In both instances, Julius was denied credit in whole or in part due to the erroneously charged-off bad debt trade line that Santander inappropriately verified.

36. Santander's failure to request to remove the trade line from the Plaintiffs' credit reports was willful in nature in that:

   a. It voluntarily entered into the Settlement Agreement, wherein it *inter alia* covenanted to request the removal of the debt from the Plaintiffs' credit reports;

   b. It had knowledge that it entered the Settlement Agreement and understood its terms;

   c. It willfully chose not to contact the CRAs requesting the trade line's removal or recklessly failed to act; and

   d. Once contacted by the CRAs at the Plaintiffs' behest regarding the dispute, it willfully or recklessly failed to conduct even the most rudimentary investigation of the dispute in order to uncover that the trade lines were subject to the Settlement Agreement and they needed to request their removal.

## V. CAUSES OF ACTION

### a. COUNT ONE - VIOLATION OF 15 U.S.C. § 1681n

37. Santander is a person as that term is defined by the FCRA, 15 U.S.C. § 1681a(b), and a furnisher of information to consumer reporting agencies as contemplated by the FCRA, 15 U.S.C. § 1681s-2.

38. 15 U.S.C. § 1681s-2(a)(1)(A) prohibited Santander from reporting information that it had reasonable cause to know was inaccurate to CRAs.

39. Santander violated 15 U.S.C. § 1681s-2(a)(1)(A).

40. 15 U.S.C. § 1681s-2(a)(1)(B) prohibited Santander from furnishing information to the CRAs after being notified by Plaintiffs that information on their reports was inaccurate when it was in fact inaccurate.

41.  Santander violated 15 U.S.C. § 1681s-2(a)(1)(B).

42. 15 U.S.C. § 1681s-2(a)(2) creates a duty for Santander to correct and update information that it has furnished to CRAs and it has learned that information reported was inaccurate or incomplete.

43. Santander violated 15 U.S.C. § 1681s-2(a)(2).

44. Pursuant to 15 U.S.C. § 1681s-2(b), upon notification from CRAs that the information on the Plaintiffs' consumer report was disputed by them as inaccurate, Santander had a duty to conduct an investigation with respect to the disputed information and review all relevant information provided by the CRAs.

45. Santander violated 15 U.S.C. § 1681s-2(b), for which a private right of action exists.

46. Santander's violations were willful.

47. Santander is liable to Plaintiffs for statutory damages of between $100 and $1,000 or actual damages, which ever is greater pursuant to 15 U.S.C. § 1681n(a)(1) for its willful violation of 15 U.S.C. § 1682s-2(b).

48. Santander is liable for punitive damages pursuant to 15 U.S.C. § 1681n(a)(2).

49. Santander is liable for a reasonable attorney's fee 15 U.S.C. § 1681n(a)(3).

**b. COUNT TWO - VIOLATION OF 15 U.S.C. § 1681o**

50. Santander is a person as that term is defined by the FCRA, 15 U.S.C. § 1681a(b) and a furnisher of information to consumer reporting agencies as contemplated by the FCRA, § 1681s-2.

51. 15 U.S.C. § 1681s-2(a)(1)(A) prohibited Santander from reporting information that it had reasonable cause to know was inaccurate to CRAs.

52. Santander violated 15 U.S.C. § 1681s-2(a)(1)(A).

53. 15 U.S.C. § 1681s-2(a)(1)(B) prohibited Santander from furnishing information to the CRAs after being notified by Plaintiffs that information on their reports was inaccurate when it was in fact inaccurate.

54. Santander violated 15 U.S.C. § 1681s-2(a)(1)(B).

55. 15 U.S.C. § 1681s-2(a)(2) creates a duty for Santander to correct and update information that it has furnished to CRAs and it has learned that information reported was inaccurate or incomplete.

56. Santander violated 15 U.S.C. § 1681s-2(a)(2).

57. Pursuant to 15 U.S.C. § 1681s-2(b), upon notification from CRAs that that the information on the Plaintiffs' consumer report was disputed as inaccurate, Santander had a duty to conduct an investigation with respect to the disputed information and review all relevant information provided by the CRAs.

58. Santander violated 15 U.S.C. § 1681s-2(b), for which a private right of action exists.

59. Santander is liable to Plaintiffs damages pursuant to 15 U.S.C. § 1681o(a)(1).

60. Santander is liable for a reasonable attorney's fee pursuant to 15 U.S.C. § 1681o(a)(2).

### c. COUNT THREE - BREACH OF CONTRACT

61. By failing to request a deletion of the above describe trade lines on Plaintiffs' credit report to CRAs and by verifying the account after Plaintiffs had disputed the reporting, Santander breached the Settlement Agreement.

62. By failing to properly investigate and submit an accurate ACDV to the CRAs after they received notice of the Plaintiffs' dispute through the CRAs, Santander breached the Settlement Agreement.

63. Plaintiffs have been damaged by Santander's breach.

64. Santander is liable to Plaintiffs for actual and consequential damages.

65. Santander is liable to Plaintiffs for a reasonable attorney's fee pursuant to ¶8 of the Settlement Agreement.

66. The amount in controversy exceeds $75,000.

WHEREFORE, the Plaintiffs seek actual damages or statutory damages, punitive damages, attorney's fees, and costs, and removal of any negative credit reporting.

PLAINTIFFS, ASHLEY LYNN OTENG and
JULIUS OWUSU OTENG


By: /s/ Daniel S. Blinn
Daniel S. Blinn, ct02188
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408
Fax (860) 571-7457